UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:13-CR-970 |
| § | (CIVIL ACTION NO. 2:16-CV-388) |
| DYLAN BRANDO ERVEY MACIAS- § | |
| TORRES § | |

**ORDER DISMISSING MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY**

Dylan Brando Ervey Macias-Torres (Macias-Torres) filed a motion vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 31. The Court has reviewed the § 2255 motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2016) (2255 Rules). For the reasons stated herein, the § 2255 motion is dismissed and Macias-Torres is denied a certificate of appealability.

**I.  JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 2255.

**II.  BACKGROUND AND CLAIMS**

Macias-Torres pleaded guilty to illegal reentry and was sentenced to 70 months imprisonment.[1] D.E. 21. After his guilty plea, the Probation Department prepared a Presentence Investigation Report (PSR). D.E. 14. Macias-Torres' base offense level for illegal reentry was 8, but was increased by 16 levels due to his prior felony conviction for a 2009 aggravated assault.

---

[1] Macias-Torres was brought to the United States when he was a toddler and remained here until he was removed in 2013 after a felony conviction. He speaks English. *See* D.E. 27, pp. 4-5.

*Id.*, ¶ 13. The combined offense level totaled 24. After acceptance of responsibility, his total offense level was 21. *Id.*, ¶¶ 22-36. Macias-Torres' previous convictions resulted in a criminal history category of IV.[2] *Id.*, ¶¶ 38-45. His guideline sentencing range was 57 to 71 months imprisonment. *Id.*, ¶ 45.

### III.  MOVANT'S CLAIMS

Macias-Torres challenges the enhancement to his offense level pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015).

### VI.  ANALYSIS

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.    *Johnson* Claim**

*Johnson* held that the residual clause of the definition of violent felony was unconstitutionally vague in the Armed Career Criminal Act. The Act defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—

---

[2] Macias-Torres was convicted of five burglaries, unauthorized use of a vehicle, and aggravated assault. A number of his offenses did not score because of their age—he was a minor at the time. *Id.*, ¶¶ 22-29.

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.
>
> § 924(e)(2)(B). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson*, 135 S.Ct. at 2555-56 (emphasis in *Johnson*). *Johnson* did not address enumerated offenses. 135 S.Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

The Sentencing Guidelines Manual, § 2L1.2 application notes define a crime of violence as follows:

> "Crime of violence" means any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, *aggravated assault*, forcible sex offenses . . ., statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 Application notes 1(B)(iii) (emphasis added). Texas aggravated assault is consistent with aggravated assault as set out in the Model Penal Code and is thus properly used to enhance illegal reentry as a crime of violence. *See United States v. Guillen–Alvarez,* 489 F.3d 197, 200 (5th Cir. 2007), *see also United States v. Castro*, 407 Fed. App'x. 818, (5th Cir. Jan. 7, 2011) (per curiam) (unpublished); *United States v. Delgado-Salazar*, 252 Fed. App'x. 596, 598 (5th Cir. Oct. 25, 2007) (per curiam)(unpublished). Even if *Johnson* applied to the Sentencing Guideline Manual,[3] Macias-Torres' Texas conviction for aggravated assault is an enumerated offense, not an offense incorporated through the residual clause. *Johnson* has no application.

---

[3] The Fifth Circuit rejected application of *Johnson* to the guidelines in *In re Arnick*, 826 F.3d 787, 788 (5th Cir. 2016) (per curiam). "*Johnson* did not address Section 4B1.2(a)(2) of the Guidelines. Nor has the Supreme Court held that a Guidelines enhancement that increases the Guidelines range implicates the

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Macias-Torres has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Macias-Torres cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

---

same due process concerns as a statute that increases a statutory penalty." *Id*.

## VI.  CONCLUSION

For the foregoing reasons, Macias-Torres' motion (D.E. 31, Cause No. 2:16-CV-388, D.E. 1) is DISMISSED with prejudice pursuant to Rule 4(b). Additionally, he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 20th day of January, 2017.

_____
Janis Graham Jack
Senior United States District Judge